331 P.3d 449

Emerson M.F. JOU, M.D.,
Petitioner/Plaintiff–
Appellant,

v.

ARGONAUT INSURANCE COMPANY, An Entity, Form Unknown; City and County of Honolulu, A Self–Insured Governmental Entity; HEMIC, aka Hawaii Employers Medical Insurance Company, An Entity, Form Unknown; and Marriott Claim Services Corporation, a Corporation, Respondents/Defendants–Appellees. (ICA No. 30606; Civ. No. 03–1–1445).

Emerson M.F. Jou, M.D.,
Petitioner/Plaintiff–
Appellant,

v.

HEMIC, aka Hawaii Employers Medical Insurance Company, An Entity, Form Unknown, Respondents/Defendants–Appellees. (ICA No. 30607; Civ. No. 09–1–1529).

No. SCWC–30606.

Supreme Court of Hawai'i.

June 5, 2014.

Stephen M. Shaw, Honolulu, for petitioner.

NAKAYAMA, Acting C.J., McKENNA, and POLLACK, JJ., and Circuit Judge TRADER, In Place of RECKTENWALD, C.J., Recused, and Circuit Judge BROWNING, In Place of ACOBA, J., Recused.

Opinion of the Court by POLLACK, J.

The sole issue in this case is whether Petitioner Emerson M.F. Jou, M.D. (Jou) is eligible to be awarded appellate costs. Jou filed separate appeals to the Intermediate Court of Appeals (ICA) regarding two orders of the Circuit Court of the First Circuit (circuit court) that had granted motions in favor of Respondent Hawaii Employers Medical Insurance Company (HEMIC). The ICA vacated one order, but denied Jou's request for costs related to the appeal of that order, relying on *Hawaiian Ass'n of Seventh–Day Adventists v. Wong*, 130 Hawai'i 36, 305 P.3d 452 (2013). We hold that the ICA misapplied Seventh–Day Adventists in denying Jou's request for costs related to that appeal. Accordingly, we vacate the order and judgment of the ICA that pertained to its denial of appellate costs.

## I.

On July 11, 2003, Jou filed Civil No. 03–1–1445 (the 2003 Case) against Argonaut Insurance Company (Argonaut), the City and County of Honolulu, HEMIC, and Marriott Claim Services Corporation (Marriott), alleging insurer bad faith, interference, and statutory torts. On April 22, 2005 the circuit court entered a judgment in favor of Argonaut, the City and County of Honolulu, HEMIC, and Marriott as to all counts in the complaint, and awarded HEMIC $8,750.00 in attorneys' fees and $833.20 in costs.[1]

Jou appealed the circuit court's decision to the ICA. While the appeal was pending, Jou settled with Argonaut, and a partial dismissal

of the appeal was approved by the ICA. On April 5, 2007, the ICA entered a summary disposition order affirming the circuit court's decision. The ICA entered an order awarding attorneys' fees and costs related to the appeal: $4,804.50 to Marriott, $6,275.40 to the City and County of Honolulu, and $9,462.20 to HEMIC.

Thereafter, Jou and HEMIC began settlement negotiations regarding the awards of attorneys' fees and costs by the circuit court and the ICA. In a settlement conference held at the circuit court on May 4, 2009, HEMIC, Jou, and the court signed a handwritten document (Settlement Document).[2]

## A.

Following the apparent settlement agreement, Jou initiated Civil No. 09–1–1529 (the 2009 Case) on July 6, 2009 against HEMIC, alleging that, during the May 4, 2009 settlement negotiations, HEMIC concealed the fact that it had recorded a judgment lien against Jou's property. Jou further alleged that the lien resulted in a denial of a real estate loan. Jou filed an amended complaint on July 9, 2009 that asserted claims of tortious judgment lien, settlement fraud, intentional infliction of emotional distress, and negligence.

On February 19, 2010, HEMIC filed two motions. The first, a Motion to Enforce Settlement was filed in the 2003 Case. The second, a Motion to Enforce Settlement by Dismissing Action, was filed in the 2009 Case.

The circuit court held a consolidated hearing and orally granted both motions on May 28, 2010. The circuit court entered two orders: (1) an "Order Granting Defendant HEMIC's Motion to Enforce Settlement" (Order Enforcing Settlement) in the 2003 Case, which enforced the Settlement Docu-

---

1. The circuit court awarded Argonaut $12,500.00 in attorneys' fees, and the City and County $5,321.50 in attorneys' fees and $238.69 in costs.

2. The document states:
   1. $8, 000 (JOU → HEMIC).
   2. JOU global release & indemnity (& dismissal)—incl. class DCD appeal vs. HEMIC of all claims accrued to date of R & IA.

3. JOU & related providers ≠ initiate administrative, judicial, or other proceeding for 10 yrs. after R & IA executed, arising out of SVS provided by JOU or related providers (incl. Employers).
4. Stip dismiss all-own attys fees & costs.

ment as a binding agreement; and (2) an "Order Granting Defendant HEMIC's Motion to Enforce Settlement by Dismissing Action" (Order Dismissing Action), which dismissed the 2009 Case. Judgment pursuant to the orders was entered on July 8, 2010.

## B.

Jou filed separate appeals to the ICA of the Order Enforcing Settlement and the Order Dismissing Action. The appeals, Appeal Nos. 30606 and 30607, were consolidated by the ICA as Appeal No. 30606 (Consolidated 30606 Appeal). However, the ICA continued to refer to the original appeal numbers in addressing and deciding the issues that pertained to each appeal in its memorandum opinion and subsequent order pertaining to costs.

In Appeal No. 30606, Jou argued that the circuit court's Order Enforcing Settlement in the 2003 Case was contrary to law. Jou contended that the Settlement Document was merely a proposal for a release that required the execution of a signed release and indemnity agreement (indemnity agreement), and HEMIC waived a material condition in the release by not pursuing the execution of an indemnity agreement. The ICA disagreed, holding that the Settlement Document sufficiently represented the terms of the settlement and a separate indemnity agreement was not required. *Jou v. Argonaut Ins. Co.*, No. 30606, 2013 WL 6043901 at *2 (App. Nov. 15, 2013) (mem.). The ICA therefore affirmed the Order Enforcing Settlement. *Id.*

In Appeal No. 30607, Jou argued that the circuit court's Order Dismissing Action in the 2009 Case was also in error. Jou contended that the circuit court erred by enforcing the Settlement Document as a global release of claims that had accrued after May 4, 2009. *Id.*

The ICA reviewed HEMIC's Motion to Enforce Settlement as a motion for summary judgment because it found the Order Dismissing Action was based "in part on a substantive determination as to the merits of the claims asserted in [the 2009 case]." *Id.* at *3. The ICA concluded summary judgment was improper because HEMIC failed to establish that there were no genuine issues of material fact that either Jou's claims in the 2009 Case had accrued by the time the Settlement Document was executed, or that the dismissed claims were precluded by the Settlement Document. *Id.* at *3–4. Further, the ICA found that the substantive merits in regards to Jou's fraud claims were not properly raised or addressed by the parties. *Id.* at *4. The ICA therefore vacated the judgment entered by the circuit court and the Order Dismissing Action. *Id.* at *5.

## C.

Following the ICA's entry of judgment, Jou filed a Request and Declaration of Counsel for Costs (Request for Costs).

### 1.

Jou requested reimbursement of $1,396.85 in costs associated with the Consolidated 30606 Appeal based on the following breakdown:

| Item | Cost—30606 | Cost—30607 |
|------|-----------|-----------|
| Filing Fees: | $275.00 | $275.00 |
| Transcript: | $151.83 | $291.80 |
| Copy: | $224.91 | $116.75 |
| USPS Postage: | $46.66 | $14.90 |
| Total: | $698.40 | $698.45 |

In regards to Appeal No. 30607, which pertained to the Order Dismissing Action in the 2009 Case, Jou argued that costs should be awarded because the ICA ruled in his favor by vacating the circuit court's judgment in favor of HEMIC.

In regards to Appeal No. 30606, which pertained to the Order Enforcing Settlement in the 2003 Case, Jou argued that the thrust of HEMIC's Motion to Enforce Settlement was to achieve dismissal of the tort claims in the 2009 Case. Therefore, according to Jou, the ICA's decision vacating the judgment in Appeal No. 30607 granted him "the remedy he sought (and obtained) in [Appeal No. 30606]; that is, saving the [2009 Case] tort

claims from the effects of the previously signed settlement document." Jou argued that he thereby was rendered the prevailing party on the main issue in Consolidated Appeal 30606.

### 2.

On December 30, 2013 HEMIC filed an "Objection and Memo in Opposition to [Jou's] Request and Declaration of Counsel for Costs." HEMIC argued that Jou would not be able to repudiate the Settlement Document on remand, and would be barred from filing any claims to the extent that the claims accrued during the time covered by the Settlement Document.

HEMIC contended "the central issue in both appeals was whether the parties had entered into an enforceable settlement." Because the Settlement Document was enforceable, HEMIC was the "prevailing party" in both appeals.

HEMIC further argued that the ICA's affirmation that the Settlement Document was enforceable was significant because the circuit court, on remand, would determine when Jou's claims accrued and whether those claims were barred. Similarly, HEMIC argued that the settlement agreement would preclude Jou from asserting future claims.[3]

### 3.

On January 6, 2014, Jou filed "[Jou's] Reply to [HEMIC's] Objection and Memorandum in Opposition to [Jou's] Request and Declaration of Counsel for Costs." Jou argued HEMIC failed to identify, or to prevail on, the disputed main issue in Appeal Nos. 30606 and 30607, which was the 2009 tort action and not the Settlement Document. Jou also contended that HEMIC's underlying motivation for filing the Motion to Enforce Settlement in the 2003 Case, more than six months after the filing of the complaint in the 2009 Case, was an attempt to rid itself of potential liability resulting from the 2009 tort action, and not a concern with the Settlement Document.

### 4.

On January 17, 2014, the ICA filed an "Order Denying Petitioner's Request and Declaration of Counsel for Costs" (Order Denying Costs). In denying the Request for Costs related to Appeal No. 30606, the ICA held Jou was not the prevailing party. The ICA explained that:

> On appeal, Appellant Jou had argued that the circuit court erred in upholding the settlement agreement as an effective agreement and release. This court determined Appellant Jou's arguments were without merit, affirmed the circuit court, and thus Appellant Jou was not the prevailing party on appeal as to appeal No. 30606.

In denying the Requests for Costs related to Appeal No. 30607, the ICA relied on *Hawaiian Ass'n of Seventh–Day Adventists v. Wong*, 130 Hawai'i 36, 305 P.3d 452 (2013). The ICA held a prevailing party had yet to be determined and accordingly denied the motion. The ICA explained:

> In appeal No. 30607, we vacated the Judgment entered in [the 2009 Case], as well as the [Order Dismissing Action], and remanded to the circuit court for further proceedings. <u>Appellate costs are not awardable absent a prevailing party in the case.</u> *Hawaiian Ass'n of Seventh–Day Adventists v. Wong*, 130 Hawai'i 36, 50, 305 P.3d 452, 466 (2013); SCWC–12–0000535 *Mickelson v. United Servs. Auto. Ass'n*, 2013 WL 5509088 at *1. In *Hawaiian Ass'n of Seventh–Day Adventist [Adventists]*, the supreme court vacated this court's order awarding costs on appeal "because <u>a prevailing party has yet to be determined.</u>" *Id.* Here, in appeal No. 30607, this court remanded the case to the circuit court and <u>no prevailing party has been determined.</u> Pursuant to <u>Hawaiian Ass'n of Seventh–Day Adventists</u>, we thus deny Appellant Jou's request for costs in appeal No. 30607.

(Emphases added). Consequently, the ICA denied Jou's Request for Costs because "[a]ppellate costs are not awardable absent a prevailing party in the case." The ICA filed

---

3. HEMIC did not otherwise object to specific costs itemized by Jou.

a Judgment on Appeal RE: Costs on January 21, 2014.

### D.

Jou timely filed his Application for Writ of Certiorari (Application) with this court on February 15, 2014.[4] Jou presents the following questions for review:

Whether *Schefke v. Reliable Collection Agency Ltd.,* 96 Hawai'i 408, 409, 32 P.3d 52 [53] (2001) required the ICA to provide a readily discernible rationale for its denial of costs (based on no prevailing party)?

Whether the ICA was required to base its denial of costs to petitioner Dr. Jou based on long-settled standards, restated by his court in *Nelson v. Hawaiian Homes Comm'n,* 130 Hawai'i 162, 166, 307 P.3d 142, 146 (2013)?

Whether, on balance, Petitioner Dr. Jou was the prevailing party in ICA No. 30606, in that the entire proceeding, initiated by Respondent HEMIC to enforce a settlement agreement, was to bar Petitioner's tort claims in No. 30607, arising from the settlement, including fraud?

Whether, in ICA No. 30607, Petitioner is the prevailing party at the ICA level because, despite remand, the ICA vacated the Circuit Court's dismissal?

### 1.

On the first issue, Jou argues the ICA's sole legal criterion in denying the Requests for Costs in the Consolidated 30606 Appeal was that Jou was not the prevailing party or that no prevailing party has been determined. Jou contends that the ICA was required to provide a readily discernible rationale for a denial of costs, and no rationale is apparent from the record. Because the ICA did not provide a readily discernible rationale for its denial of costs, Jou argues the denial of costs in the Consolidated 30606 Appeal should be remanded to the ICA.

### 2.

In regards to the denial of the Request for Costs in Appeal No. 30606, Jou argues the ICA erred by failing to apply the balancing test recognized by Hawai'i case law. Jou contends that he is "on-balance" the prevailing party and therefore entitled to costs. In support of his position, Jou advances several arguments.

First, Jou contends that the thrust of HEMIC's Motion to Enforce Settlement in the 2003 Case was to block the tort claims in the 2009 Case. Jou supports this argument by quoting from HEMIC's answering brief, which states that "Plaintiff Jou's filing of the underlying action is barred by the plain language of the settlement agreement he signed." Jou maintains that HEMIC's focus was not on its own settlement agreement, but on eliminating liability from the tort claims in the 2009 Case. As HEMIC's liability under the 2009 Case was the main disputed issue in the Consolidated 30606 Appeal, Jou asserts that under the ICA's ruling in regards to Appeal No. 30606 (the 2003 Case), the tort claims in the 2009 Case can now proceed. Thus, Jou argues that he prevailed as to the main issue in the Consolidated 30606 Appeal and is entitled to appellate costs in Appeal No. 30606.

Second, Jou contends that the ICA failed to follow Hawai'i case law in determining the prevailing party in a case: "This court has previously given guidance on determining which party prevailed in a case in which the relief granted was not solely in favor of ... the successful party in the case, based on the pleadings and proof." Jou contends that, on balance, he was the prevailing party in Appeal No. 30606.

Third, Jou argues that "the ICA's lack of guidance to the trial court on remand is complicated by its reliance on *Hawaiian Ass'n of Seventh–Day Adventists v. Wong[.]* There, the Hawaii Supreme Court stated 'in light of our decision that Paragraph 16 is ambiguous, we conclude that neither party had prevailed on appeal.'" Jou distinguishes *Seventh–Day Adventists* because that case was remanded based on a finding of ambiguity, which is missing in the instant case. Here, Jou contends that he "is not being placed back where he started; rather, the settlement agreement the ICA upheld no

---

4. HEMIC did not file a response.

longer bars his tort claims against HEMIC in No. 30607. [Jou] is substantially better off than when he started."

### 3.

In regards to the denial of the Request for Costs in Appeal No. 30607, Jou states that "where a party prevails on the disputed main issue, even though not to the extent of his original contention, he will be the successful party for the purposes of taxing costs and attorneys' fees." Jou concludes he "should have been assigned the prevailing party status even though there was a remand." Therefore, Jou contends that he is entitled to costs in Appeal No. 30607.

### II.

The questions presented by Jou relate to the appropriate award of appellate costs pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 39.

### A.

As to the ICA's denial of costs in Appeal No. 30607, the core issue raised by Jou relates to the construction of HRAP Rule 39 and the ICA's application of *Seventh–Day Adventists.*

### 1.

HRAP Rule 39 provides, in relevant part: (a) Civil Costs; To Whom Allowed. Except in criminal cases or as otherwise provided by law, if an appeal or petition is dismissed, costs shall be taxed against the appellant or petitioner upon proper application unless otherwise agreed by the parties or ordered by the appellate court; if a judgment is affirmed or a petition denied, costs shall be taxed against the appellant or petitioner unless otherwise ordered; if a judgment is reversed or a petition granted, costs shall be taxed against the appellee or the respondent unless otherwise ordered; if a judgment is affirmed in part and reversed in part, or is vacated, or a petition granted in part and denied in part, the costs shall be allowed only as ordered by the appellate court. If the side against whom costs are assessed has multiple par-

ties, the appellate court may apportion the assessment or impose it jointly and severally.

HRAP Rule 39(a) (2007) (emphasis added).

A request for costs following an appellate judgment or order pursuant to HRAP Rule 39(a) must necessarily conform to one of the four categories set forth in the rule. Under the first three categories, costs are taxed: (1) against the appellant, if the appeal is dismissed; (2) against the appellant/petitioner, if the judgment is affirmed or the petition is denied; or (3) against the appellee or respondent, if the judgment is reversed or the petition granted. HRAP Rule 39(a). Under the fourth category however, when the "judgment is affirmed in part and reversed in part, or is vacated, or a petition granted in part and denied in part, the costs shall be allowed only as ordered by the appellate court." *Id.* (emphases added).

■ HRAP Rule 39(a) therefore provides clear guidance for the allowance of costs under the first three categories: dismissal, reversal or affirmance. However, under the fourth category, costs are only allowed as ordered by the court. When a judgment is vacated, or a judgment or petition is either affirmed or granted in part, or reversed or denied in part, an award of costs is subject to the discretion of the appellate court.

### 2.

The application of HRAP Rule 39(a)'s fourth category was explained in *Leslie v. Estate of Tavares:*

> The intent of [HRAP Rule 39] is to allow the party prevailing on appeal to recover those costs reasonably incurred in prosecuting the appeal. Although this court did not "reverse" a circuit court's "judgment," but, rather, vacated the circuit court's final order, the effect of the decision on appeal was to grant *Leslie* the remedy he sought, thereby causing him to "prevail" on appeal.

93 Hawai'i 1, 7, 994 P.2d 1047, 1053 (2000) (emphases added). The *Leslie* court, therefore, reviewed the HRAP Rule 39 request for costs based upon evaluating the remedy sought by the appellant in conjunction with the remedy granted on appeal.

■ In *Nelson v. Hawaiian Homes Commission,* this court provided further guidance by defining "prevailing party":

> The first step in analyzing whether Plaintiffs are entitled to attorneys' fees (and costs) is to determine whether they are the prevailing party. <u>The prevailing party is the one who prevails on the disputed main issue.</u> Even if the party does not prevail to the extent of his original contention, he will be deemed to be the successful party for the purpose of taxing costs and attorney's fees.
>
> The [ ] court is required to first identify the principle issues raised by the pleadings and proof in a particular case, and then determine, <u>on balance,</u> which party prevailed on the issues.

130 Hawai'i 162, 165, 307 P.3d 142, 145 (2013) (emphases added) (citations, brackets, and quotation marks removed). Under *Nelson,* even in cases where appellate relief is not granted solely in favor of one party, a party may still be the prevailing party for the purposes of an award of fees and costs if the party is, on balance, the successful party on appeal. *Id.* at 166, 307 P.3d at 146.

■ Therefore, under HRAP Rule 39 and the decisions in *Leslie* and *Nelson,* when a judgment is affirmed in part and reversed in part, or is vacated, or a petition is granted in part and denied in part, costs may be granted, subject to the discretion of the appellate court to determine the party that, on balance, prevailed on the main disputed appellate issue(s).

#### 3.

Pursuant to *Leslie* and this court's subsequent decisions, costs under HRAP Rule 39(a)'s fourth category have been routinely granted.

In *Leslie,* the petitioner filed a notice of dismissal with prejudice in the circuit court pursuant to a signed release and settlement agreement, but later filed a motion to vacate the notice of dismissal, which was denied by the circuit court. *Leslie,* 93 Hawai'i at 3, 994 P.2d at 1049. The petitioner in *Leslie* raised three points of error in the underlying case. This court agreed with the first two points of

error, but remanded for further proceedings as to the third point of error. *Leslie v. Estate of Tavares,* 91 Hawai'i 394, 396, 984 P.2d 1220, 1222 (1999). Although the petitioner's request for attorneys' fees was denied, the petitioner's HRAP Rule 39 request for costs was granted without objection from the respondent. *Leslie,* 93 Hawai'i at 7–8, 994 P.2d at 1053–54.

In *Nelson v. University of Hawai'i,* the trial court granted the defendant's motion for judgment notwithstanding the verdict, and entered judgment in favor of the defendant on all counts. 99 Hawai'i 262, 264, 54 P.3d 433, 435 (2002). This court vacated the trial court's judgment in part and remanded for a new trial on three of the six counts. *Id.* Subsequently, the plaintiff's HRAP Rule 39 request for costs on appeal was granted without objection from the defendant, although the request for attorneys' fees was denied. *Id.*

In *Willis v. Swain,* the plaintiff-appellant sought uninsured motorist coverage under her personal automobile policy. 113 Hawai'i 246, 248, 151 P.3d 727, 729 (2006). A motion for summary judgment on the coverage issue filed by the defendant-appellee was granted by the circuit court. *Id.* This court vacated the circuit court's decision and remanded for further proceedings. *Id.* Subsequently, the plaintiff-appellant's HRAP Rule 39 request for costs was granted, without objection from the defendant-appellee. *Id.* at 250, 151 P.3d at 731.

In *Kaleikini v. Yoshioka,* the petitioner filed a complaint seeking six counts of declaratory injunctive relief against the City and County of Honolulu. 129 Hawai'i 454, 461, 304 P.3d 252, 259 (2013). The circuit court granted summary judgment in favor of the City. *Id.* at 458, 304 P.3d at 256. On appeal, this court vacated summary judgment on four counts and affirmed on two counts. *Id.* at 461, 304 P.3d at 259. Appellate costs pursuant to HRAP Rule 39(a) were granted. *Id.* at 476, 304 P.3d at 274.

In *Nelson v. Hawaiian Homes Commission,* the circuit court granted summary judgment in favor of the petitioners on two of the four counts. 130 Hawai'i at 166, 307 P.3d at 146. The ICA vacated the circuit court's

order granting summary judgment. *Id.* The petitioners sought review in this court on one count. Although this court held in favor of the petitioners, it concluded that the respondents were the "prevailing party" for purposes of appellate attorneys' fees. *Id.* The respondents filed a HRAP Rule 39 request for costs, but their request did not include supporting documentation such as invoices, bills, vouchers, and receipts. *Id.* at 173, 307 P.3d at 153. The petitioners objected on the grounds that respondents' request for costs failed to comply with HRAP Rule 39(d) governing the form of the request for costs. *Id.* Respondents filed a Reply that included supporting documentation, but this court dismissed the request because HRAP did not allow an opposing party to file a response to the Reply with objections to any of the itemized costs. However, the dismissal was made without prejudice to the respondents, allowing them to renew their request for appellate costs before the circuit court where the petitioners would be able to file objections. *Id.*

Therefore, in situations in which a judgment is affirmed in part and reversed in part, or is vacated, or a petition granted in part and denied in part, courts have routinely ordered an award of appellate costs to the party that prevailed on the main disputed issue on appeal.

4.

*Seventh–Day Adventists* properly applied the *Leslie/Nelson* rule. In *Seventh–Day Adventists*, Appellant Seventh–Day Adventists' (SDA) complaint alleged five counts seeking, inter alia, a declaratory judgment on count I. 130 Hawai'i at 41, 305 P.3d at 457. Cross–Appellant Wong's (Wong) counterclaim alleged four counts. *Id.* The parties filed multiple motions for summary judgment. The circuit court granted summary judgment: in favor of Wong on counts I–IV of the SDA complaint, in favor of SDA on count VI,[5] and

in favor of SDA on the four counts in the counterclaim. *Id.* at 43, 305 P.3d at 459.

SDA appealed the circuit court's judgment as to count I of the complaint, and Wong appealed the circuit court's judgment as to counts I–III of the counterclaim. *Id.* at 43–44, 305 P.3d at 459–60. The ICA reversed summary judgment as to count I of the SDA complaint and remanded to the circuit court for further proceedings, and affirmed summary judgment as to counts I–III of Wong's counterclaim. *Id.* at 44, 305 P.3d at 460. The ICA also vacated the circuit court's award of fees and costs to Wong. *Id.* The ICA's rulings were in favor of SDA on all issues presented to it; therefore, at that point, SDA was the prevailing party on appeal.

SDA then filed a HRAP Rule 39 motion for attorneys' fees and costs with the ICA. *Id.* Relying on the holding in *Leslie,* the ICA denied attorneys' fees, but granted appellate costs. Order Denying Request For Attorney's Fees and Awarding Costs in the Reduced Amount, at 2, *Hawaiian Ass'n of Seventh–Day Adventists v. Wong,* No. 28592, 130 Hawai'i 347, 310 P.3d 1048, 2012 WL 1293093 (App.2012) (mem.), aff'd in part, vacated in part, 130 Hawai'i 36, 305 P.3d 452 (2013) (SCWC–28592 ICA Docket No. 63). The ICA held that "[a]n award of costs is appropriate, irrespective of the fact that a 'losing party' cannot as yet be determined, because the 'party [that] prevails <u>on appeal</u>' can be determined." *Id.* (emphasis added); *see also Seventh–Day Adventists,* 130 Hawai'i at 44, 305 P.3d at 460.

In his application for certiorari to this court, Wong contended that the ICA erred in: vacating the circuit court's grant of summary judgment in his favor on count I of the SDA complaint; affirming summary judgment against him on counts I–III of his counterclaim; and vacating the circuit court's award of his attorneys' fees and costs at trial. *Id.* at 44, 305 P.3d at 460.

---

5. The five counts in SDA's complaint were numbered Counts I, II, III, IV and VI. *Seventh–Day Adventists,* 130 Hawai'i at 41, 305 P.3d at 457. Although the circuit court initially granted summary judgment in favor of SDA on count VI, the circuit court apparently recognized that this ruling contradicted its granting of summary judg-

ment to Wong with regards to Count I of the complaint. Thus, the circuit court later dismissed Count VI of the complaint, and SDA did not appeal that dismissal. *Seventh–Day Adventists,* 130 Hawai'i at 43 n. 6–7, 305 P.3d at 459 n. 6–7.

This court affirmed the ICA's holding as to count I of the SDA complaint, but for reasons other than those stated by the ICA. *Id.* at 50, 305 P.3d at 466. This court also affirmed the ICA's ruling in favor of SDA on count I of the counterclaim, but vacated the ICA's judgment in favor of SDA on counts II and III of Wong's counterclaim. *Id.* Therefore, in the decision of this court, SDA was denied summary judgment in its favor as to count I of the complaint, and "[i]n light of our decision that [the relevant contract provision in Count I was] ambiguous," this court concluded "that neither party [ ] prevailed on appeal." *Id.* (emphasis added).

This court then vacated the ICA's order granting appellate costs in favor of SDA, stating:

> [b]ecause SDA has not prevailed on appeal, however, we vacate the ICA's order awarding costs to SDA. *See* Hawai'i Rules of Appellate Procedure Rule 39(a) ("[I]f a judgment is affirmed in part and reversed in part, or is vacated, or a petition granted in part and denied in part, the costs shall be allowed only as ordered by the appellate court.").

*Id.* at 50, 305 P.3d at 466 (emphasis added). Therefore, this court determined that SDA was not entitled to recover appellate costs because it had not, on balance, prevailed on the main disputed issues on appeal.[6]

5.

█ In the present case, the ICA misapplied *Seventh–Day Adventists*. The ICA denied appellate costs to Jou by apparently relying on language in the section of *Seventh–Day Adventists* entitled Conclusion that summarized the holdings of the court. The sentence states "[w]e also vacate the ICA's order awarding costs on appeal to SDA because a prevailing party has yet to be determined." *Seventh–Day Adventists*, 130 Ha-

wai'i at 50, 305 P.3d at 466. The sentence does not state that a prevailing party has yet to be determined *in the case.* However, the ICA Order Denying Costs to Jou reads that phrase into the Conclusion from *Seventh–Day Adventists*, stating "[a]ppellate costs are not awardable absent a prevailing party in the case," (emphasis added), citing to the Conclusion of *Seventh–Day Adventists* as support for this proposition.

Any perceived ambiguity in the Conclusion section of *Seventh–Day Adventists* is resolved by the explicit holding of the opinion. In the section of the opinion entitled "Attorneys' Fees and Costs," it is clearly stated that "[b]ecause SDA has not prevailed on appeal, however, we vacate the ICA's order awarding costs to SDA." *Seventh–Day Adventists*, 130 Hawai'i at 50, 305 P.3d at 466 (emphasis added). The opinion specifically states the following:

> In light of our decision that Paragraph 16 is ambiguous, we conclude that neither party has prevailed on appeal .... Because SDA has not prevailed on appeal, however, we vacate the ICA's order awarding costs to SDA. *See* Hawai'i Rules of Appellate Procedure Rule 39(a) ("[I]f a judgment is affirmed in part and reversed in part, or is vacated, or a petition granted in part and denied in part, the costs shall be allowed only as ordered by the appellate court.")

*Id.* (emphases added). Additionally, interpreting the holding of *Seventh–Day Adventists* in the manner adopted by the ICA would contravene HRAP Rule 39(a), *Leslie*, *Nelson*, and prior decisions of this court, which *Seventh–Day Adventists* did not profess to overrule. Therefore, the *Leslie/Nelson* rule is dispositive, and the ICA's Order Denying Costs to Jou must be vacated as it applied an erroneous legal standard.

---

**6.** Although the opinion in *Seventh–Day Adventists* did not explain its rationale for vacating the ICA award of costs to SDA, HRAP Rule 39(a) provides that an allowance of costs is awarded in the discretion of the appellate court. A statement of a rationale is not specifically required under HRAP Rule 39(a), however it is noted that SDA's position on appeal in regards to count I of the complaint was that there were no disputed facts and it was entitled to summary judgment as a

matter of law. This court determined there were disputed issues of material fact as to SDA's count I, and vacated summary judgment in favor of SDA on counts II and III of Wong's counterclaim. Thus, there was a manifest basis for this court, in its exercise of discretion, to conclude SDA did not, on balance, prevail on the main disputed issues on appeal and to vacate the award of costs.

### 6.

The ICA granted Jou the sole remedy he sought in Appeal No. 30607, which was to vacate the circuit court's judgment entered by the circuit court and the order dismissing the 2009 Case. This disposition falls squarely within the fourth category of HRAP Rule 39(a), which states that "if a judgment ... is vacated ... the costs shall be allowed only as ordered by the appellate court." HRAP Rule 39(a). Consistent with our past decisions, Jou is the prevailing party on the singular disputed issue on appeal because the 2009 Case has been reinstated, and Jou is therefore eligible for an award of costs related to Appeal No. 30607 including: filing costs of $275, transcript costs of $221.52,[7] copying costs of $116.75, and postage costs of $14.90, for a total award in the amount of $628.17.

### B.

Jou also contends that he is entitled to an award of costs in regards to Appeal No. 30606. Jou argues that the sole purpose of HEMIC's Motion to Enforce Settlement in the 2003 Case was to bar Jou's tort claims in the 2009 Case and because the ICA's decision allowed the 2009 Case to proceed, Jou was "on balance" the prevailing party. Jou also contends that the ICA was required to provide a readily discernible rationale for the denial of costs.

### 1.

■ Jou argues the ICA erred by failing to apply the standards stated in *Nelson v. Hawaiian Homes Commission*. *Nelson* provides that in cases where appellate relief is not granted solely in favor of one party, a party may still be the prevailing party for the purposes of an award of fees and costs if the party is, on balance, the successful party on appeal. *Nelson*, 130 Hawai'i at 166, 307 P.3d at 146.

In his first point of error to the ICA in regards to Appeal No. 30606, Jou contended that "the circuit court erred in upholding the [Settlement Document] as an effective settlement agreement and release." *Jou*, 2013 WL 6043901, at *2. However, the ICA's holding in Appeal No. 30606 upheld the circuit court's determination that the Settlement Document was an effective agreement. *Id.* at *2 ("the [Order Enforcing Settlement] is therefore affirmed."). As Jou was the appellant and the judgment was affirmed, Jou is not entitled to be awarded costs related to Appeal No. 30606. HRAP Rule 39(a) ("[I]f a judgment is affirmed ... costs shall be taxed against the appellant unless otherwise ordered"). Therefore, the ICA's decision denying costs to Jou related to Appeal No. 30606 is affirmed.

### 2.

■ Jou also argues that the ICA was required to provide a "readily discernible rationale" for its denial of costs, pursuant to *Schefke v. Reliable Collection Agency Ltd.*, 96 Hawai'i 408, 32 P.3d 52 (2001).

The "readily discernible rationale" principle in *Schefke* was applied in the context of statutory fee awards in employment discrimination cases under Hawaii Revised Statutes §§ 378–5(c) and 388–11(c). *Schefke*, 96 Hawai'i at 458–59, 32 P.3d at 102–03. The principle has not previously been applied to a HRAP Rule 39(a) request for costs. Additionally, the ICA provided a "readily discernible rationale" for denying Jou's requests for costs when it stated "[t]his court determined [Jou's] arguments were without merit, affirmed the circuit court, and thus [Jou] was not the prevailing party on appeal as to Appeal No. 30606." [ICA Dkt. 84:2]

### III. CONCLUSION

The ICA's Order Denying Costs filed January 17, 2014 and Judgment on Appeal RE:

---

7. Jou requested an award of $291.80 in transcript costs associated with Appeal No. 30607. Jou submitted documentation demonstrating amounts paid for transcript costs, including invoices for $151.83 and $139.37, totaling $291.20. However, the receipt for $139.37 indicates that the cost was for both the 2003 Case and the 2009 Case, although Jou only assigned the costs to Appeal No. 30607 (relating to the 2009 Case). In contrast, the receipt for transcript costs of $151.83 indicates that it was entirely for the 2009 case. In its memorandum in opposition to Jou's Request for Costs, HEMIC did not object specifically to the transcript costs. Therefore, HRAP Rule 39 allows an award of costs for $151.83 and one-half of the $139.37 amount, for a total award of $221.52.

Costs filed January 21, 2014 are vacated. In regards to Appeal No. 30607, costs in favor of Jou in the amount of $628.17 are awarded against HEMIC. In regards to Appeal No. 30606, Jou's request for an award of costs is denied.