**Electronically Filed
Supreme Court
SCWC-16-0000025
05-SEP-2017
09:22 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---oOo---

_____

DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE
FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2006-1,
MORTGAGE-BACKED NOTES, SERIES 2006-1,
Respondent/Plaintiff-Appellee,

v.

PHILIP E. KOZMA, Petitioner/Defendant-Appellant,
and E\*TRADE BANK; THE ASSOCIATION OF OWNERS OF KAHALA KUA
aka KAHALA KUA COMMUNITY ASSOCIATION,
Respondents/Defendants-Appellees.
(CIVIL NO. 10-1-0686-03)

AND

THE ASSOCIATION OF OWNERS OF KAHALA KUA aka
KAHALA KUA COMMUNITY ASSOCIATION, A HAWAII NONPROFIT
CORPORATION, BY AND THROUGH ITS BOARD OF DIRECTORS,
Respondent/Plaintiff-Appellee,

v.

PHILIP E. KOZMA, Petitioner/Defendant-Appellant,
and AMERICAN HOME MORTGAGE SERVICING, INC.; E\*TRADE BANK,
Respondents/Defendants-Appellees.
(CIVIL NO. 08-1-1850-09)

_____

SCWC-16-0000025

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-16-0000025)

SEPTEMBER 5, 2017

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY McKENNA, J.

## I. Introduction

Philip E. Kozma ("Kozma") seeks review of the Intermediate Court of Appeals' ("ICA") Order Denying Without Prejudice the March 30, 2017 Request for Attorneys' Fees and Costs ("order"). This appeal is related to a foreclosure action brought by Deutsche Bank National Trust Company As Indenture Trustee For American Home Mortgage Investment Trust 2006-1, Mortgage-Backed Notes, Series 2006-1 ("Deutsche Bank"). On December 22, 2015, the Circuit Court of the First Circuit ("circuit court") granted Deutsche Bank's motion for summary judgment and decree of foreclosure, and Kozma appealed to the ICA. The ICA vacated the circuit court's judgment and remanded for further proceedings after determining Deutsche Bank failed to meet its burden of demonstrating that it was entitled to summary judgment. Kozma then filed a "Request and Declaration of Counsel" ("request") seeking attorney's fees and costs related to his appeal, which the ICA denied after determining Kozma was not a "prevailing party" at this point in the proceeding.

Since the ICA essentially placed Kozma "back where he started," there is no "prevailing party" entitled to attorney's fees under Hawaii Revised Statutes ("HRS") § 607-14 (2016).

2

Therefore, the ICA did not err in denying Kozma's request for attorney's fees. With regard to the request for costs, however, the ICA applied an erroneous legal standard, which resulted in the incorrect conclusion that Kozma was not entitled to costs pursuant to Hawaiʻi Rules of Appellate Procedure ("HRAP") Rule 39 (2016).

We accepted certiorari to clarify the law regarding requests for appellate attorney's fees and costs after an appellate decision setting aside a trial court grant of summary judgment and remanding the case for further proceedings. We hold that when an appellate court vacates a circuit court judgment entered in favor of a foreclosing mortgagee seeking summary judgment, the mortgagor is not a "prevailing party" entitled to attorney's fees pursuant to HRS § 607-14. We further clarify that when an appellate court vacates a circuit court judgment entered in favor of a foreclosing mortgagee seeking summary judgment, pursuant to HRAP Rule 39, the appellate court must then use its discretion to determine which party, on balance, prevailed on the appeal for the purpose of an award of costs.

## II. Background

### A. Circuit court proceedings

On March 31, 2010, Deutsche Bank initiated a foreclosure action against Kozma, alleging in its complaint that (1) it was

the owner of the promissory note and mortgage executed by Kozma in December 2005,[1] and (2) it was entitled to foreclosure due to Kozma defaulting on the loan.  Deutsche Bank attached a copy of the note and mortgage to the complaint, along with copies of the assignments.  In his Answer, Kozma admitted he was in default, but countered that Deutsche Bank was not the real party-in-interest able to initiate foreclosure proceedings because the assignments were not valid.

Deutsche Bank then filed a "Motion for Summary Judgment As Against All Defendants And For Interlocutory Decree of Foreclosure" ("MSJ").  Kozma filed his memorandum in opposition, arguing numerous genuine issues of material fact existed, such as whether Deutsche Bank possessed the original of the documents of the mortgage, note, and claimed assignments.  The circuit court[2] granted summary judgment in favor of Deutsche Bank.

Kozma then filed a motion for reconsideration.  The circuit court granted the motion for reconsideration and denied without prejudice Deutsche Bank's MSJ after determining that it was unclear whether the bankruptcy trustee for AHMAI and AHMSI's

---

[1]    The note and mortgage were allegedly first assigned by American Home Acceptance, Inc. ("AHMAI") to American Home Mortgage Servicing, Inc. ("AHMSI") by assignment dated January 8, 2008 ("first assignment") and further assigned to Deutsche Bank by assignment dated March 3, 2009 ("second assignment").  Both were recorded in Land Court.  AHMAI and AHMSI had a consolidated bankruptcy case pending at the time of the first assignment.

[2]    The Honorable Bert I. Ayabe presided.

consolidated bankruptcy case had authorized the first assignment.

Deutsche Bank later filed a Renewed Motion for Summary Judgment ("renewed MSJ"), stating that, as the holder of the subject promissory note, it was entitled to enforce the subject mortgage. Deutsche Bank also asserted that AHMAI and AHMSI's pending bankruptcy case did not render the assignments void. Kozma opposed the renewed MSJ. The circuit court[3] granted Deutsche Bank's second motion for summary judgment on December 22, 2015 after it determined that Deutsche Bank was the holder of the indorsed in-blank Note which was secured by the Mortgage and thus, entitled to the foreclosure of its Mortgage.

Kozma appealed to the ICA.

**B.   ICA proceedings**

The ICA reviewed Kozma's appeal in light of this court's opinion in Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017) (holding if a foreclosing plaintiff has not demonstrated that it possessed the note at the time it commenced foreclosure proceedings, then a genuine issue of material fact exists as to whether the plaintiff is entitled to foreclose and summary judgment is inappropriate). The ICA determined that neither the copy of the note attached to

---

[3]    The Honorable Jeannette H. Castagnetti presided.

Deutsche Bank's complaint nor the supporting declaration established that Deutsche Bank possessed the note at the time it filed its complaint.  Deutsche Bank Nat'l Trust Co. v. Kozma, CAAP-16-0000025 (Mar. 23, 2017) (mem.) at 4.  The ICA concluded,

> viewing the facts and inferences in the light most favorable to Kozma, there is a genuine issue of material fact as to whether Deutsche Bank held the subject note at the time it filed the complaint . . . In light of this ruling, we need not address Kozma's other arguments. Accordingly, the Circuit Court's December 22, 2015 Judgment is vacated and this case is remanded to the Circuit Court for further proceedings.

Id.  The ICA remanded the case for further proceedings so Deutsche Bank could supplement the record to show it possessed the note at the time it filed its complaint.  Id.

C.    **Request for attorney's fees and costs**

Kozma then timely filed a request for attorney's fees and costs pursuant to HRS § 607-14 and HRAP Rule 39, seeking $440.52 in costs and $16,625.00 in attorney's fees.

The ICA denied Kozma's request, stating (1) "HRS § 607-14 does not provide authority for an award of fees where the First Circuit Court judgment has been vacated and the case remanded for further proceedings"; and (2) "appellate costs, pursuant to HRAP 39(d), are not awardable because a prevailing party has not been determined thus far."

6

### III. Standard of Review

This court reviews an ICA order granting or denying attorney's fees and costs under the abuse of discretion standard. Oahu Publ'ns, Inc. v. Abercrombie, 134 Hawai'i 16, 22, 332 P.3d 159, 165 (2014). "[A]n abuse of discretion occurs where the . . . court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Id. (citing Ranger Ins. Co. v. Hinshaw, 103 Hawai'i 26, 30, 79 P.3d 119, 123 (2003)).

### IV. Discussion

**A. When an appellate court vacates a summary judgment entered in favor of a foreclosing mortgagee seeking summary judgment and remands for further proceedings, the mortgagor is not a "prevailing party" entitled to attorney's fees pursuant to HRS § 607-14.**

A prevailing party is entitled to attorney's fees pursuant to HRS § 607-14, which provides in relevant part,

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment. . . .

It follows that the first issue this court must resolve regarding Kozma's request for attorney's fees is whether Kozma is the prevailing party on appeal. See Kaleikini v. Yoshioka,

7

129 Hawai'i 454, 460, 304 P.3d 252, 258 (2013) ("The first issue this court must resolve regarding Kaleikini's request for attorney's fees and costs is whether Kaleikini is the prevailing party on appeal."); see also Sierra Club v. Dep't of Transp., 120 Hawai'i 181, 215, 202 P.3d 1226, 1260 (2009) ("The first issue that must be determined regarding the fee and cost award is whether Sierra Club was the prevailing party.").

To determine which party "prevailed,"

> the court "is required to first identify the principle issues raised by the pleadings and proof in a particular case, and then determine, on balance, which party prevailed on the issues."  A party "will be deemed to be the successful party for the purpose of taxing costs and attorney's fees" "where [that] party prevails on the disputed main issue, even though not to the extent of his original contention[.]"

Kaleikini, 129 Hawai'i at 461, 304 P.3d at 259 (internal citations omitted).  However, a prevailing party cannot always be determined following the adjudication of an appeal.  See Sapp v. Wong, 62 Haw. 34, 42, 609 P.2d 137, 142 (1980) ("[W]e must reverse this case on appeal, vacate the judgment and remand for a new trial.  Hence, appellants cannot at this time be considered to be the losing parties[.]").  When a judgment on appeal "merely vacates a trial court judgment unfavorable to [a party] and places [that party] back where the [party] started," the judgment "does not, in itself, provide any grounds for an award of attorney's fees to the [party]."  Nelson v. Univ. of Hawai'i, 99 Hawai'i 262, 266, 54 P.3d 433, 437 (2002).

8

On certiorari, Kozma argues that he prevailed on a disputed main issue because he sought to have the decree of foreclosure vacated and remanded to the trial court. Kozma alleged in his opposition to the renewed MSJ and on appeal to the ICA that Deutsche Bank was not entitled to summary judgment as a matter of law because a genuine issue of material fact existed as to whether the assignments were valid.

The ICA did not address the issue of the validity of the assignments nor any of the other issues raised by Kozma when disposing of Kozma's appeal. Instead, the ICA only addressed whether, under the requirement recently iterated in Reyes-Toledo, Deutsche Bank had met its burden of demonstrating that it was entitled to summary judgment as a holder of the note at the time it filed the foreclosure complaint. Kozma, mem. op. at 4. After determining that, in light of Reyes-Toledo, a genuine issue of material fact existed as to whether Deutsche Bank held the subject note at the time it filed the complaint, the ICA vacated the circuit court judgment and remanded for further proceedings. Id. This served the procedural function of putting Kozma "back in the place he started" with regard to the foreclosure action without addressing a "disputed main issue." Therefore, Kozma is not a "prevailing party" and is not entitled to attorney's fees under HRS § 607-14. Thus, the ICA did not err in denying Kozma's request for attorney's fees.

9

The facts in Kozma's appeal are common in requests for fees and costs following appeals related to foreclosure proceedings. Thus, we now clarify that when the ICA vacates a summary judgment entered in favor of a foreclosing mortgagee and remands the case for further proceedings, the mortgagor is not a "prevailing party" entitled to attorney's fees pursuant to HRS § 607-14.

**B.  The ICA applied an erroneous legal standard in its order denying Kozma's request for costs.**

On certiorari, Kozma argues that he is the prevailing party entitled to costs pursuant to HRAP Rule 39.

HRAP Rule 39 provides, in relevant part, "if a judgment is affirmed in part and reversed in part, or is vacated, or a petition granted in part and denied in part, the costs shall be allowed only as ordered by the appellate court."  HRAP Rule 39(a) (2016).  "The intent of [HRAP Rule 39] is to allow the party <u>prevailing on appeal</u> to recover those costs reasonably incurred in prosecuting the appeal."  <u>Jou v. Argonaut Ins. Co.</u>, 133 Hawai'i 471, 477, 331 P.3d 449, 455 (2014) (quoting <u>Leslie v. Estate of Tavares</u>, 93 Hawai'i 1, 7, 994 P.2d 1047, 1053 (2000)) (emphasis in original).  To determine which party prevailed on appeal, the appellate court may "evaluat[e] the remedy sought by the appellant in conjunction with the remedy granted on appeal," or "determine, on balance, which party prevailed on the

[disputed main] issues." Jou, 133 Hawai'i at 477-78, 331 P.3d at 455-56 (citations and emphases omitted).

Hawaiian Ass'n of Seventh-Day Adventists v. Wong, 130 Hawai'i 36, 50, 305 P.3d 452, 466 (2013), illustrates the application of HRAP Rule 39 when a summary judgment is vacated and remanded. A dispute arose between Seventh-Day Adventists ("SDA") and Wong regarding whether a lease agreement prohibited certain uses of the cabins on the leased property. Seventh-Day Adventists, 130 Hawai'i at 43, 46, 305 P.3d at 459, 462. Both parties filed motions for summary judgment and the trial court granted motions for summary judgment to each party on different counts. 130 Hawai'i at 43, 305 P.3d at 459. SDA appealed from one grant of summary judgment in favor of Wong; Wong cross-appealed from three of the grants of summary judgment in favor of SDA. Id. The ICA vacated one of the trial court's grants of summary judgment for SDA and affirmed the trial court's decision as to the remaining grants of summary judgment. 130 Hawai'i at 44, 305 P.3d at 460. SDA requested fees and costs related to the appeal, and the ICA granted an award of costs after determining SDA had prevailed on the appeal. Id. On certiorari, this court determined that an ambiguity in the lease at issue meant several of the trial court's grants of summary judgment were inappropriate and vacated the trial court's decisions on these counts. 130 Hawai'i at 49, 305 P.3d at 465.

11

As both parties had stipulated that the lease was unambiguous, this court "[concluded] that neither party [had] prevailed <u>on the appeal</u>" and vacated the ICA's award of costs for SDA.  130 Hawai'i at 46, 50, 305 P.3d at 462, 466 (emphasis added).

<u>Seventh-Day Adventists</u> helps elucidate the application of HRAP Rule 39 when a grant of summary judgment is vacated and remanded, as does <u>Jou</u>, 133 Hawai'i 471, 331 P.3d 449.  The holding in <u>Jou</u> established that an appellate court should not look outside the appellate proceedings when determining an award of costs pursuant to HRAP Rule 39.  <u>Id.</u>  In <u>Jou</u>, this court vacated the ICA's order denying costs after determining the ICA erroneously looked at the entire proceeding when determining a prevailing party for an award of costs pursuant to HRAP Rule 39.  133 Hawai'i at 480, 331 P.3d at 458.  Jou appealed from two circuit court orders granting motions in favor of Hawai'i Employers Medical Insurance Company, one of which the ICA vacated and remanded for further proceedings.  133 Hawai'i at 473-74, 331 P.3d 451-52.  Jou then requested costs related to that order pursuant to HRAP Rule 39.  133 Hawai'i at 475, 331 P.3d at 454.  The ICA denied Jou's request and concluded, "[a]ppellate costs are not awardable absent a prevailing party <u>in the case</u>."  <u>Id.</u> (emphasis added).  On certiorari, this court determined that, contrary to the legal standard applied by the ICA, the standard iterated in <u>Seventh-Day Adventists</u> required

12

the ICA to determine which party prevailed <u>on the appeal</u> for the purpose of awarding costs under HRAP Rule 39.  <u>Jou</u>, 133 Hawaiʻi at 480, 331 P.3d at 458.  After applying the correct legal standard, this court concluded that since the ICA "granted Jou the sole remedy he sought," he was the prevailing party on appeal entitled to costs pursuant to HRAP Rule 39.  133 Hawaiʻi at 481, 331 P.3d at 459.

The ICA's order here states that costs are not awardable because "a prevailing party has not been determined <u>thus far</u>," and cites to <u>Seventh-Day Adventists</u>.  However, this case is distinguishable from <u>Seventh-Day Adventists</u> because in the latter, neither party prevailed on appeal since summary judgments for each party were vacated on a ground that both parties had stipulated did not exist.  This case is instead very similar to <u>Jou</u>.  As it did in <u>Jou</u>, the ICA looked beyond the appellate procedure to determine whether there was a prevailing party entitled to HRAP Rule 39 costs.  We use this opportunity to make explicit that when the ICA vacates a circuit court judgment entered in favor of a foreclosing mortgagee seeking summary judgment, then the appellate court must use its discretion to determine which party prevailed <u>on the appeal</u> for the purpose of an award of costs pursuant to HRAP Rule 39.  Since the ICA vacated the grant of summary judgment for Deutsche Bank, which was the remedy Kozma sought, it follows that Kozma

13

was the successful party on appeal entitled to HRAP Rule 39 costs.

### V.  Conclusion

For the aforementioned reasons, we affirm the portion of the judgment denying attorney's fees pursuant to HRS § 607-14 and vacate the portion of the ICA's judgment denying costs pursuant to HRAP Rule 39.

| | |
|---|---|
| R. Steven Geshell<br>for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| J. Blaine Rogers<br>and Lori King Stibb<br>for respondent/ | /s/ Sabrina S. McKenna |
| plaintiff-appellee | /s/ Richard W. Pollack |
| Deutsche Bank National<br>Trust Company | /s/ Michael D. Wilson |

