**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000662
21-OCT-2024
08:06 AM
Dkt. 115 SO**

CAAP-21-0000662

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


Hawaiʻi WILDLIFE FUND, a non-profit
corporation, and CONSERVATION COUNCIL FOR Hawaiʻi,
a non-profit corporation, Plaintiffs-Appellees,
v.
DEPARTMENT OF PUBLIC WORKS, COUNTY OF MAUI;
ROWENA M. DAGDAG-ANDAYA, in her official capacity
as Director of the DEPARTMENT OF PUBLIC WORKS,
COUNTY OF MAUI; MICHAEL P. VICTORINO, in his official
capacity as MAYOR OF THE COUNTY OF MAUI; COUNTY OF MAUI,
Defendants-Appellants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC191000053)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

Defendants-Appellants Department of Public Works,

County of Maui; Jordan Molina, in his official capacity as

Director of the Department of Public Works, County of Maui;

Richard Bissen, in his official capacity as Mayor of the County

of Maui;[1] County of Maui (collectively, **Maui County**) appeal from

the October 20, 2021 Order Granting Plaintiffs' Motion for Award

---

[1] Pursuant to Hawaiʻi Rules of Appellate Procedure Rule 43(c)(1), Jordan Molina is automatically substituted for former Director of the Department of Public Works Rowena Dagdag-Andaya and Mayor Richard Bissen is automatically substituted for former Mayor Michael P. Victorino.

of Attorneys' Fees and Costs (**Fees Order**) entered in the Circuit Court of the Second Circuit (**Circuit Court**).[2]

Maui County raises two points of error on appeal, contending that the Circuit Court abused its discretion:  (1) in awarding fees and costs because the court failed to identify the principal issues raised in the complaint and proof, and failed to determine which party prevailed on which issue; and (2) by not apportioning fees between declaratory relief claims on which Plaintiffs-Appellees Hawaiʻi Wildlife Fund, a non-profit corporation, and Conservation Council for Hawaiʻi, a non-profit corporation (collectively, the **Fund**), prevailed and the continuing litigation seeking permanent injunctive relief on which the Fund was unsuccessful.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Maui County's points of error as follows:

(1)  Maui County argues that the Circuit Court failed to identify the principle issues in the case, and then determined which party, on balance, prevailed, citing Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 126, 176 P.3d 91, 125 (2008); Nelson v. Hawaiian Homes Comm'n, 130 Hawaiʻi 162, 165, 307 P.3d 142, 145 (2013).

The principle issues are clearly identified in the Circuit Court's April 30, 2020 order granting in part and denying in part (**SJ Order**) the Fund's September 5, 2019 Motion for

---

[2]    The Honorable Blaine J. Kobayashi entered the Fees Order.

Summary Judgment and Permanent Injunction (**MSJ**). The Complaint alleged that Maui County violated Hawaii Revised Statutes (**HRS**) chapter 343, often referred to as the Hawaiʻi Environmental Policy Act (**HEPA**), by declaring that a project to replace 4,800 high-pressure sodium streetlights with LED streetlights (**the Project**) was exempt from the environmental review requirement of HRS § 343 (**Exemption Declaration**). The Fund claimed that the Exemption Declaration should be null and void, and at a minimum, Maui County should prepare an environmental assessment for the Project. The Fund prayed for a declaratory judgment that, *inter alia*, (1) Maui County violated HRS chapter 343 by way of the Exemption Declaration, (2) the Exemption Declaration was null and void, (3) the installation of the Project was "invalid and illegal," and (4) Maui County must complete a "legally adequate" environmental review under HRS chapter 343; as well as appropriate injunctive relief.

The SJ Order stated that the Fund sought, *inter alia,* a ruling that Maui County violated HRS chapter 343 by committing funds to the Project and issuing the Exemption Declaration, and that the Exemption Declaration be declared null and void. The SJ Order also stated that the Fund sought permanent injunctive relief for the already-installed LED streetlights. The Circuit Court granted the MSJ in part and held that (1) Maui County violated HEPA; (2) the Exemption Declaration was null and void; and (3) pursuant to the December 20, 2019 Stipulation and Order Re: Plaintiffs' Claims for Declaratory and Injunctive Relief (**2019 Stipulation**), further work on the Project was prohibited

pending completion of an environmental review.  The Circuit Court denied the MSJ in part and held that, while the Fund met the first prong of the three-prong analysis for permanent injunctive relief, *i.e.*, the Fund prevailed on the merits of its claim that Maui County violated HRS chapter 343, the remaining two prongs would be decided at trial.  Clearly, the principle issues involved whether Maui County violated HEPA, notwithstanding that there were related issues concerning the appropriate remedies.

Maui County argues that the Fund's claim for declaratory relief was a separate litigation pursuit arising out of separate factual circumstances, and that it was raised on separate proof from its claim for permanent injunctive relief. This argument is without merit.  We apply the "disputed main issue" analysis here.  See Deutsche Bank Nat'l Tr. Co. v. Kozma, 140 Hawaiʻi 494, 498, 403 P.3d 271, 275 (2017); see also  Sierra Club v. Dep't of Transp., 120 Hawaiʻi 181, 216-18, 202 P.3d 1226, 1261-63 (2009) (Superferry II) (applying the approach outlined in Food Pantry, Ltd. v. Waikiki Bus. Plaza, Inc., 58 Haw. 606, 575 P.2d 869 (1978), where the prevailing party is determined by who prevailed on the main issues in the case where final judgment did not make clear which party had prevailed).

The Fund's claims centered around Maui County's violation of HRS chapter 343, initially stemming from the Exemption Declaration.  The Fund succeeded on its main claim, and was granted declaratory relief, but also sought an injunction that (1) prohibited Maui County from installing additional LED streetlights pursuant to the Project "unless and until [Maui

County] compl[ies] fully with HEPA, beginning with preparation of an environmental assessment or environmental impact statement;" and (2) required Maui County to "modify the [1,021] illegally installed LED streetlight fixtures to, at minimum . . . reduce the blue-light content to the same or less than that of the [HPS] fixtures they replaced" by either requiring Maui County to reinstall the old HPS lights or "install filters to reduce the LED fixtures' blue-light content."  The Fund argued that, because of the statutory violation, LED streetlights were installed illegally and thus an injunction was necessary to stop the "irreparable harm" caused by the LED streetlights.  Nevertheless, the main disputed issue was whether Maui County violated HRS chapter 343.  Thus, the Fund is the prevailing party, and Maui County is not entitled to relief based on its first point of error.

(2)  Maui County argues that the Circuit Court erred in not apportioning the fees, and thereby awarding fees for unsuccessful claims.

When contemplating an award of fees for unsuccessful claims, courts must engage in analysis under Hensley v. Eckerhart, 461 U.S. 424 (1983), to determine whether fees are reasonable for the "entire time . . . counsel spent on the case." Right to Know Comm. v. City Council, 117 Hawaiʻi 1, 15-16, 175 P.3d 111, 125-26 (App. 2007) (citing Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 445, 32 P.3d 52, 89 (2001)).

Here, the Fund's requested remedies both arose out of Maui County's statutory violation of issuing the Exemption Declaration and Maui County's illegal installation of LED streetlights without completing an environmental assessment. See Kaleikini v. Yoshioka, 129 Hawai'i 454, 470, 304 P.3d 252, 268 (2013) (holding that all six claims were based on a common core of facts, "*i.e.*, the City and State's decision to proceed with the rail project absent a completed AIS."). The Fund prevailed on the common core issues. Thus, we conclude that the Fund's claims for more than one form of relief arose out of a "common core of facts," even if all of the requested relief was not granted. Moreover, the Fund prevailed on the first prong of the request for injunctive relief, even though the balancing of harms and public policy considerations remained outstanding. Under these circumstances, we conclude that the Circuit Court did not abuse its discretion in declining to apportion fees between successful and unsuccessful claims.

For these reasons, the Circuit Court's October 20, 2021 Fees Order is affirmed.

DATED: Honolulu, Hawai'i, October 21, 2024.

On the briefs:

Moana M. Lutey,
Corporation Counsel,
County of Maui,
for Defendants-Appellants.

David L. Henkin,
Kylie W. Wager Cruz,
(EarthJustice),
for Plaintiffs-Appellees.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge