**<u>NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER</u>**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000258
19-JUN-2025
07:51 AM
Dkt. 68 SO**

NO. CAAP-22-0000258

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE PAUL A. FLINN REVOCABLE LIVING TRUST
DATED MARCH 22, 2012

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CTR-21-0000013)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

This appeal challenges the probate court's dismissal of a petition to remove a co-trustee, and subsequent award of attorney's fees. We affirm the dismissal, and reverse the award of attorney's fees.

Petitioner-Appellant Margaret S.M. Flinn (**Margaret**) appeals from the Circuit Court of the Second Circuit's (**Probate Court**) April 8, 2022 "Order Granting Petition to Dismiss Emergency Ex Parte Petition of Co-Trustee & Beneficiary [Margaret] to Remove Co-Trustee Donald Flinn [(**Donald**)] & Order Accounting and Restitution for Waste and Neglect of Fiduciary

Duties and for Protective Order [Dkt. 1] and Vacate Order to Maintain Status Quo and to Set Evidentiary Hearing [Dkt. 37], Filed January 18, 2022" (**Dismissal Order**).[1]

On appeal, Margaret contends that the Probate Court erred by:  **(1)** entering the Dismissal Order, dismissing her Petition to remove Donald as a co-trustee; and **(2)** awarding attorney's fees and costs (**Fees Order**) to co-trustees Donald, Juliana Flinn (**Juliana**), and Anthony Flinn (**Anthony**) (collectively, **Co-Trustees**).[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the contentions as follows.

The subject trust (**Trust**) was executed by Margaret's father, Paul A. Flinn (**Decedent**).  After Decedent's July 2, 2020 death, his four living children, Donald, Juliana, Anthony, and Margaret became successor co-trustees.  The Trust provides that the decisions and actions of a majority of the successor co-trustees shall be binding on the Trust.  In July 2020, the Co-Trustees retained California counsel to administer the Trust.

Relevant here, the Trust held title to a residential property in Kula, and it provided Margaret the right to continue to reside in a cottage located on the property.  The Co-Trustees tried to include Margaret in the "decision-making process" to maintain and market the main house on the Kula property, among other things, but Margaret was unresponsive and uncooperative with these efforts.

---

[1]    The Honorable Kelsey T. Kawano presided.

[2]    We have consolidated Margaret's six points of error for clarity.

**California Probate Court Proceeding**

On July 12, 2021, the Co-Trustees filed an "Ex Parte Application for Order Suspending the Powers of Co-Trustee Margaret Flinn" (**Ex Parte Application for Temporary Suspension**) and a "Petition to Suspend Powers of Co-Trustee; Petition to Remove Co-Trustee; Petition to Construe Trust Provisions; Petition for Instructions" (**Petition to Suspend Margaret**) in the Superior Court of the State of California in the County of San Luis Obispo (**California Court**). In the Ex Parte Application for Temporary Suspension, which was set for hearing on July 19, 2021, the Co-Trustees sought "the temporary suspension of [Margaret]'s powers" based on her alleged "failure to cooperate and her breach of fiduciary duty to administer the trust estate," pending a hearing on the Petition to Suspend Margaret, which was set for November 30, 2021. A July 13, 2021 proof of service by the California counsel reflects service of both filings via mail and email on Margaret and her then-counsel. A July 14, 2021 attestation by the California counsel stated that Margaret and her then-counsel were also notified by telephone.

On July 19, 2021, the California Court granted the Ex Parte Application for Temporary Suspension, suspending Margaret's powers as a co-trustee (**Order Granting Temporary Suspension**). The Order Granting Temporary Suspension stated: "All notices for this ex parte proceeding as required by law have been given[.]"

As to the November 30, 2021 hearing on the Petition to Suspend Margaret, the record contains a November 23, 2021 stipulation and order to continue the November 30, 2021 hearing to May 24, 2022, at Margaret's request. Margaret signed the November 23, 2021 stipulation and order, by which she agreed to file her objection to the Petition to Suspend Margaret "no later

3

than January 14, 2022[.]" Margaret, self-represented, timely filed her January 13, 2022 "Response/Objection" for the May 24, 2022 hearing on the Petition to Suspend Margaret.

**Hawai'i Probate Court Proceeding**

While the May 24, 2022 hearing on the Petition to Suspend Margaret was pending in California, Margaret filed a December 20, 2021 "Emergency Ex Parte Petition of Co-Trustee & Beneficiary Margaret S.M. Flinn to Remove Co-Trustee Donald Flinn & Order Accounting and Restitution for Waste and Neglect of Fiduciary Duties and for Protective Order" (**Petition to Remove Donald**) with the Probate Court. Relevant here, Margaret declared that:

> 17. On July 12, 2021, Donald FLINN applied to the probate court of San Luis Obispo County, California, for an order suspending [Margaret] as co-trustee, which was obtained *ex parte*, with no notice to [Margaret], and no opportunity to be heard in opposition.

(Emphases added.)

On January 18, 2022, the Co-Trustees filed an opposition to Margaret's Petition to Remove Donald, and a "Petition to Dismiss [Petition to Remove Donald] and Vacate Order to Maintain Status Quo and to Set Evidentiary Hearing" (**Petition to Dismiss**). Margaret filed an opposition, and court-ordered supplemental briefs were also filed.

On April 8, 2022, the Probate Court granted the Co-Trustees' Petition to Dismiss, dismissing Margaret's Petition to Remove Donald with prejudice; ruling that "judicial comity" warranted the Probate Court to "refrain from exercising jurisdiction over the Trust"; concluding that Margaret "made material misrepresentations and/or omission[s]" in the Petition to Remove Donald regarding her allegedly not being on notice of the California proceeding and not having an opportunity to be

4

heard; and finding that the California proceeding had been active for months, in which Margaret had participated and already had her powers as co-trustee suspended.

On April 13, 2022, the Co-Trustees moved for attorney's fees and costs (**Fees Motion**) pursuant to "common law" and Hawaii Revised Statutes (**HRS**) § 607-14.5.[3] On April 22, 2022, Margaret filed her opposition to the Fees Motion and argued that the Co-Trustees failed to demonstrate that her filings were frivolous or made in bad faith; and on the same day, the Probate Court issued the Fees Order granting the Fees Motion in the full amount requested.

**(1)** Margaret contends in her points of error that the Dismissal Order was erroneous because the Probate Court had subject matter jurisdiction; the Probate Court should have treated the issue as involving venue and not jurisdiction; and the California proceeding did not warrant dismissal in this case.[4] Margaret argues that the Probate Court "had jurisdiction

---

[3]    HRS § 607-14.5 (2016) allows the court to impose attorneys' fees and costs as sanctions "upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b)." Subsection (b) requires such sanctions awards to be supported by written findings, as follows:

> (b)    In determining the award of attorneys' fees and costs and the amounts to be awarded, the court <u>must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law</u> in the civil action. . . . If the court determines that only a portion of the claims or defenses made by the party are frivolous, the court shall determine a reasonable sum for attorneys' fees and costs in relation to the frivolous claims or defenses.

(Emphasis added.)

[4]    Margaret's arguments are difficult to follow. We address them to the extent reasonably possible.

over the Trust" under then-existing HRS § 560:7-203[5] because Article 9 of the Trust mandated the Trust be construed under Hawaiʻi law and the property at issue was in Hawaiʻi. Margaret claims the Probate Court's "extreme deference to the California Court was inappropriate" and the Probate Court should have applied the "factors listed by [Margaret] that supported retaining the venue in Hawaii[.]"

The Probate Court treated the Petition to Dismiss as a motion to dismiss, which this court reviews de novo. Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315 P.3d 213, 225 (2013). This court reviews findings of fact under the clearly erroneous standard. Schmidt v. HSC, Inc., 145 Hawaiʻi 351, 360, 452 P.3d 348, 357 (2019). On appeal, we review a conclusion of law under the right/wrong standard of review. Id.

The Probate Court's ruling in the Dismissal Order regarding jurisdiction concluded that California had jurisdiction over the Trust and had already been exercising jurisdiction in an ongoing dispute about administration of the Trust, as follows:

> 3. Jurisdiction over the [Trust] lies with California and the Hawaii policy on judicial comity warrants that this Court refrain from exercising jurisdiction over the Trust and vacate its Status Quo Order and dismiss this Trust Proceeding;
>
> . . . .
>
> 5. The Court finds that the California proceeding has been going on for many months, Margaret has been actively participating in the California proceeding, the California court is already litigating the very same issues

---

[5] Margaret did not raise an argument pursuant to HRS § 560:7-203 (repealed 2021) (dealing with dismissal of trust proceedings relating to foreign trusts) below. This argument is waived. See Cnty. of Hawaii v. C & J Coupe Family Ltd. P'ship, 119 Hawaiʻi 352, 373, 198 P.3d 615, 636 (2008) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases." (citations omitted)).

> raised in the Petition, and the California court has already issued its order suspending all powers of Margaret and finding full authority as co-trustees over the Trust to Donald Flinn, Juliana Flinn, and Anthony Flinn . . . .

(Emphasis added.) Paragraph 5 above is a factual finding that Margaret has not challenged, and it is binding.

Here, the Probate Court's findings that it lacked jurisdiction and jurisdiction "lies with California," where the California probate court proceeding "has been going on for many months," were supported by the record and not erroneous.

**(2)** Margaret challenges the award of attorney fees, arguing that "it was error for the [Probate Court] to find that [Margaret] had engaged in material misrepresentations and omissions in her Petition," and "[i]t was error for the [Probate Court] to award attorneys' fees and costs for a frivolous or bad faith filing."

Here, the "material misrepresentations and omission" finding is in the Dismissal Order,[6] but no similar finding appears in the Fees Order. Margaret does not dispute making the statements in the Petition to Remove Donald that the Probate Court found were "misrepresentations," but instead argues that the misrepresentations were "insignificant and not material to the issues raised in the Petition." Beyond this cursory argument, Margaret does not explain, by citing to the record and applicable legal authority, why or how the Probate Court's mixed determination of fact and law in this regard, was clearly

---

[6] The pertinent language in the Dismissal Order states:

> 4. The Court finds that [Margaret] made material misrepresentations and/or omission in the Emergency Petition, including but not limited to false and misleading statements that Margaret did not receive notice of the California proceeding and that she was not provided an opportunity to be heard in opposition thereto[.]

(Emphases added.)

erroneous. This challenge to the "misrepresentations" finding is waived. See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7).

In any event, the record of the California proceedings reflects substantial evidence to support the Probate Court's "misrepresentations" finding. Margaret's Petition to Remove Donald, which claimed that the California Order Granting Temporary Suspension was "obtained ex parte, with no notice" to Margaret, was contradicted by the record reflecting that Margaret and her then-counsel had notice of the Ex Parte Application for Temporary Suspension by mail, email, and telephonically; and the California Order Granting Temporary Suspension's specific determination that proper notice had been given.

Margaret argues that the award of attorneys' fees to the Co-Trustees was unsupported by factual findings as required by HRS § 607-14.5(b). Margaret is correct. The Fees Order only states: "The court having considered [Co-Trustees'] Non-hearing Motion for Attorneys [sic] Fees and Costs and good cause appearing, now therefore, the Motion is GRANTED."

An award of attorney's fees is reviewed for an abuse of discretion. Deutsche Bank Nat'l Tr. Co. v. Kozma, 140 Hawaiʻi 494, 497, 403 P.3d 271, 274 (2017). Under HRS § 607-14.5, to award attorney's fees for a frivolous claim, the court must make a "specific finding" in writing "that all or a portion of the claims . . . made by the party are frivolous and are not reasonably supported by the facts and law in the civil action." Tagupa v. VIPDesk, 135 Hawaiʻi 468, 479, 353 P.3d 1010, 1021 (2015).

Here, the Fees Order does not cite to authority explaining the award, and does not contain specific written

8

findings that the Petition to Remove Donald, or any claims made within it, were frivolous.  See id.  The Fees Order was outside the scope of the Probate Court's discretion.  See Kozma, 140 Hawaiʻi at 497, 403 P.3d at 274.

In light of the foregoing, we affirm the Probate Court's April 8, 2022 Dismissal Order and reverse the April 22, 2022 Fees Order.

DATED:  Honolulu, Hawaiʻi, June 19, 2025.

On the briefs:

Peter L. Steinberg,
for Petitioner-Appellant.

Sharon Paris,
for Respondents-Appellees.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge